UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 11-Civ-60957-COOKE**

ROBERT RIMMER,

      Petitioner,

vs.

JULIE L. JONES,
Secretary, Florida Department of Corrections,

      Respondent.

_____/

## ORDER ON MOTION FOR EXPANSION OF CERTIFICATE OF APPEALABILITY

On May 2, 2011, Robert Rimmer filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 ("Petition"). [DE 1].  On September 29, 2014, the Court entered its Order denying the Petition and granting a limited certificate of appealability ("COA").  [DE 23].  Mr. Rimmer filed a Motion to Alter or Amend pursuant to Rule 59(e), Fed. R. Civ. P. [DE 24].  The Court denied the motion. [DE 28].  On September 23, 2015, Mr. Rimmer filed the instant motion seeking an expansion of the COA ("Motion"). [DE 29].  At the same time, Mr. Rimmer filed a Notice of Appeal. [DE 30].  Upon consideration of the Motion, the pertinent portions of the record, and being otherwise fully advised in the premises, the Motion is **DENIED**.

When the Court denied Mr. Rimmer's Petition, it reviewed his claims and determined that a COA should issue *only* as to Claim III:  Due Process Violation pursuant to *Brady v. Maryland:*

> Whether or not the Florida Supreme Court's determination that the FDLE
> and Palm Beach County police reports were not exculpatory or impeaching
> was unreasonable and, if so, were those reports material?

([DE 23] at 55).  Now, Mr. Rimmer seeks to expand the COA "to include Grounds I, II, V, and VIII of his petition." ([DE 29] at 2) (footnote omitted).  However, the Court now lacks jurisdiction to consider an expansion of the COA.  *See generally Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (per curiam) ("a federal district court and a federal court

of appeals should not attempt to assert jurisdiction over a case simultaneously. The filing of a notice of appeal is an event of jurisdictional significance - it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.")

To be sure, district courts must treat notices of appeal filed by petitioners following a denial of either a section 2254 or a section 2255 petition as applications for COA. *Edwards v. United States*, 114 F.3d 1083 (11ᵗʰ Cir. 1997). A COA is a jurisdictional prerequisite to an appeal from the final order in a § 2254 proceeding. Although the circuit court has authority to grant a COA, an application for a COA must be considered first by the district court. Fed. R. App. P. 22(b)(1).

At the time this Motion was filed, Mr. Rimmer also filed a Notice of Appeal. If the Court had not previously granted or denied the issuance of a COA, then the Court would be required to do so here. However, the Court has considered and did issue a COA in the Order denying habeas relief. (*See* [DE 23] at 55). For one year, Mr. Rimmer did not seek a reconsideration of this determination; not even when he filed his Rule 59(e) Motion. [DE 24]. The sequence of events in the process of an application for a COA dictates that once the district court considers and rules upon the propriety of issuing the COA, the matter is next considered by the circuit court. "[W]e think it would be contrary to the usual order of things in America's courts to have the district court in some way overrule the decision of the appellate court: a possible result if no definite sequence is set out for applications for COAs when both courts are separately empowered to issue an effective COA." *Edwards*, 114 F.3d at 1084.

When granting the limited COA, the Court considered which, if any, of Mr. Rimmer's habeas claims were claims that "jurists of reason could disagree with the district court's resolution of his constitutional claim or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003)(citation omitted). The Court concluded that *only* Claim III met the criteria for a COA. Once the Court declined to issue a COA for the remaining claims and a notice of appeal was filed,[1] this Court will not expand the COA. An expansion of the

---

[1] 11th Cir. R. 22-1(b): If the district court denies a certificate of appealability, a party may seek a certificate of appealability from the court of appeals. In the event that a party does not file an application for such a

COA is now the purview of the circuit court.

> If the district court declines to issue a COA, this court can issue one pursuant to Fed.R.App.P. 22(b)(2). Thus, "[u]nder the plain language of the rule, an applicant for the writ gets two bites at the appeal certificate apple: one before the district judge, and if that one is unsuccessful, he gets a second one before a circuit judge." *Hunter v. United States*, 101 F.3d 1565, 1575 (11th Cir.1996) (en banc).

*Jones v. United States*, 224 F.3d 1251, 1255 (11th Cir. 2000). Here, Mr. Rimmer is seeking his second bite of the apple; he must do so at the circuit court.[2]

The Motion for Expansion of Certificate of Appealability is **DENIED.**

**DONE AND ORDERED** in Chambers at Miami, Florida this 9th day of November 2015.

_____
MARCIA G. COOKE
United States District Judge

Copies provided to:
*Counsel of Record*

---

certificate, the court of appeals will construe a party's filing of a timely notice of appeal as an application to the court of appeals for a certificate of appealability.

[2] The Court recognizes that Mr. Rimmer's case is slightly different from the legal precedent above in that this Court *sua sponte* granted a limited COA before Mr. Rimmer sought a COA. Nonetheless, "[t]o *expand* the COA granted by the district court, a petitioner is required to file a renewed application for a COA with [the circuit court]." *Sanders v. United States*, 314 Fed. Appx. 212, *1 (11th Cir. 2008) (citations omitted) (emphasis added).